## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jackie W. Lewis, Sr.,**
**Claimant Below, Petitioner**

**v.)**     **No. 23-616**      (JCN:  2022008108)
                           (ICA No. 23-ICA-204)

**Columbia West Virginia Corporation,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jackie W. Lewis, Sr. appeals the September 5, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Lewis v. Columbia W. Va. Corp.*, No. 23-ICA-204, 2023 WL 5695908 (W. Va. Ct. App. Sep. 5, 2023) (memorandum decision). Respondent Columbia West Virginia Corporation filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order, which affirmed the claim administrator's rejection of Mr. Lewis's occupational pneumoconiosis ("OP") claim on a non-medical basis.

On appeal, the petitioner argues that the Board of Review's decision was clearly wrong in view of the reliable, probative, and substantial evidence of the whole record, which indicates that he was exposed to abnormal quantities of dust while working for the employer. The petitioner asserts that the ICA was clearly wrong by not reversing the Board of Review's order, thereby overlooking the standard set forth by West Virginia Code § 23-4-1(b).[2] The respondent counters by arguing that the petitioner failed to demonstrate that he was exposed to the hazards of OP, and the findings of the Board of Review, and those of the ICA, are supported by the record.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. April 22, 2024). Upon consideration of the record

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Patricia E. McEnteer.

[2] In order to file a claim for occupational pneumoconiosis ("OP") benefits, a claimant must be exposed to the hazards of OP in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to such hazards, or for any five of the fifteen years immediately preceding such date of last exposure. W. Va. Code § 23-4-1(b).

and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 23, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn